# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ALICE DANIEL                                                    CIVIL ACTION

VERSUS

                                                        NO. 16-374-JWD-RLB

LOWE'S HOME CENTERS, L.L.C.,
ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 11, 2016.


                                                _____

                                            RICHARD L. BOURGEOIS, JR.
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALICE DANIEL                                                    CIVIL ACTION

VERSUS

                                                               NO. 16-374-JWD-RLB

LOWE'S HOME CENTERS, L.L.C.,
ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 5). The motion is opposed.

(R. Doc. 9).  For the following reasons, the undersigned recommends that Plaintiff's motion be

denied.

I.      Background

On February 4, 2016, Alice Daniel ("Plaintiff") filed a Petition for Damages in the 19th

Judicial District Court, East Baton Rouge Parish, Louisiana, alleging that she tripped on an

uneven surface of concrete flooring at a store owned and operated by defendant Lowe's Home

Centers, L.L.C. ("Lowe's"). (R. Doc. 1-1 at 1-4, "Petition").  Plaintiff alleges she "suffered

severe and debilitating injuries that included a broken right wrist and a severed tendon in the

right wrist." (Petition, ¶ 8).  Among other things, Plaintiff seeks recovery for her physical

injuries, mental and emotional distress, medical expenses, lost wages, lost earning capacity, and

lost lifestyle. (Petition, ¶ 11).

On May 2, 2016, Plaintiff provided Lowe's with responses to written discovery.  (R. Doc.

1-1 at 5-22).  According to Lowe's, the responses indicated that Plaintiff underwent wrist

surgery, but did not disclose the amount of medical expenses incurred or the nature or cost of the

surgery. (R. Doc. 1 at 2-3).

1

Plaintiff was deposed on June 8, 2016. (R. Doc. 1-1 at 23-24).  Lowe's represents that Plaintiff "testified at her deposition that she has been recommended for a lumbar fusion surgery allegedly related to this accident which is to be performed in August of 2016" and that this was "the first instance Lowe's became aware of plaintiff's back injury and the nature and severity of the treatment associated therewith which sufficiently satisfies the requisite jurisdictional amount to support removal of this matter." (R. Doc. 1 at 3; R. Doc. 3 at 3).

That same day, Lowe's removed the action asserting that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).  Lowe's filed an Amended Notice of Removal on June 21, 2016. (R. Doc. 3).  Lowe's supplemented its removal papers on July 13, 2016. (R. Doc. 7).

In support of removal, Lowe's asserts that there is complete diversity because it is a citizen of North Carolina and Plaintiff is a citizen of Louisiana. (R. Doc. 3 at 3; R. Doc. 6). Lowe's further asserts that the amount in controversy requirement is satisfied, and Lowe's removed the action "within thirty (30) days after receipt of other paper that the requisite amount in controversy is present pursuant to 28 U.S.C. 1446(b)." (R. Doc. 3 at 4).

On July 7, 2015, within thirty days of removal, Plaintiff filed the instant Motion to Remand claiming that the removal was untimely. (R. Doc. 5).

## II.     Arguments of the Parties

Plaintiff seeks remand on the basis that Lowe's "knew or should have known, no later than May 2, 2016, if not before, that plaintiff's damages . . . the amount in controversy—was well over the threshold amount for removal." (R. Doc. 5 at 6).  Plaintiff suggests that her May 2, 2016 discovery responses made it clear to Lowe's that Plaintiff's treatment "included a plethora of specialized physicians, emergency rooms, Neuro consults, surgical centers, Spine hospitals,

and therapists." (R. Doc. 5 at 5-6).  Plaintiff further argues that she indicated in her discovery

responses that "she has already had two actual surgeries and two surgical procedures." (R. Doc. 5

at 6).  Plaintiff suggests that removal was untimely because "the seasoned and capable attorneys

for Lowe's could easily 'ascertain' from the pleadings and responses to discovery that the

amount in controversy was more than sufficient for removal purposes." (R. Doc. 5 at 7).

In opposition, Lowe's argues that because Plaintiff's initial pleading did not affirmatively

reveal on its face the facts necessary to support diversity jurisdiction, it did not need to remove

the action within 30 days of service of the Petition. (R. Doc. 9 at 1-3).  Lowe's further argues

that the ambiguity regarding the jurisdictional amount in controversy was not clarified by

Plaintiff's responses to written discovery on May 2, 2016. (R. Doc. 9 at 3-4).  Finally, Defendant

reasserts that the June 8, 2016 deposition of Plaintiff was the first time Lowe's had notice that

Plaintiff's claims "sufficiently satisfy the requisite jurisdictional amount to support removal of

this matter," triggering the 30-day period for removal. (R. Doc. 9 at 4-6).

## III.    Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original

jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of

different States" and the amount in controversy must exceed the "sum or value of $75,000,

exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must

exist at the time of removal to federal court, based on the facts and allegations contained in the

complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)

("jurisdictional facts must be judged as of the time the complaint is filed").

The time limits for filing a notice of removal, which are provided in the removal

procedure rules of 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

With regard to triggering the 30-day time removal from the defendant's receipt of the

initial pleading, as provided in § 1446(b)(1), the Fifth Circuit has provided a bright line rule that

"the thirty-day removal period under the first paragraph is triggered only where the initial

pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the

minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d

392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.

1992) (emphasis added by *Mumfrey*)).[1]

---

[1] Pursuant to *Chapman*, if a plaintiff wants the 30-day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163.  Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws, such as Louisiana, that prohibit pleading unliquidated damage amounts.  In *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002), the Fifth Circuit addressed *Chapman* and suggested, in dicta, that specific damage estimates in the initial pleading that are less than the minimum jurisdictional amount can be combined with other unspecified damage claims in order to trigger the time limit for filing the notice of removal. In *Mumfrey*, a subsequent panel criticized this portion of *Bosky*, questioned the authority upon which it relied, and noted that if there is a conflict between *Chapman* and *Bosky*, *Chapman* controls as the earlier opinion. *Mumfrey*, 719 F.3d at 400 (characterizing this portion of *Bosky* as "a line that has become the source of significant confusion"). *See Clark v. Dolgencorp*, No. 13-2336, 2014 WL 458220, *3 (W.D. La. Feb. 4, 2014) ("*Mumfrey* expressly rejected the dicta in *Bosky* that was the cause of confusion and instead reiterated that the 'bright line rule' set forth in *Chapman* applies").

It is undisputed that the initial pleading in this action does not contain a specific allegation that damages are in excess of the federal jurisdictional amount.  Accordingly, the 30-day period for removing the action was not triggered by service of the initial pleading.[2]

With regard to triggering the 30-day time period from the Defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), the Fifth Circuit has provided that the 30-day removal period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain").  Accordingly, the standard for triggering removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), is at least as strict as the standard for triggering the 30 day period for removal based on an initial pleading, as provided in § 1446(b)(1).[3]

---

[2] The current issue is not whether the matter *could* have been removed based on the allegations in the pleadings or subsequent discovery.  The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id.*  This analysis, however, is separate from the instant matter's *timing* issues and the standard used to determine when the 30-day removal period has begun.

[3] In *Bosky*, the court indicated that the standard to trigger the second 30 day removal period (as is at issue in the instant case) "seems to require a *greater* level of certainty" than the *Chapman* standard used to determine whether a case must be removed based on the allegations contained in the initial pleading. *Id.* at 211 (emphasis added).  The Fifth Circuit has subsequently held that *Bosky*'s discussion of the standards for triggering the initial 30-day removal period constituted dicta because the issue before the *Bosky* court was whether removal was timely pursuant to the language of what is now § 1446(b)(3), and not whether removal was timely pursuant to the language of what is now § 1446(b)(1). *See Mumfrey*, 719 F.3d at 399 n.11 (citing *Bosky*, 288 F.3d at 209-11).  The *Mumfrey* court criticized the *Bosky* decision to the extent it stated that the bright line rule announced in *Chapman* was less strict than the requirement for triggering the 30-day period with regard to amended pleadings and other documents. *Id.* at 400.  While the *Mumfrey* court does not use the "unequivocally clear and certain" language found in *Bosky*, its ultimate holding that the 30-day removal period was triggered by receipt of an amended petition seeking $3,575,000 in damages and not the initial petition, which did not specifically request any amount of damages, suggests that the standards for triggering the 30-day period are virtually identical (if not in fact identical) if removal is based upon the initial pleading or a subsequent paper. *See Smith v. Wal-Mart Louisiana, LLC*, No. 13-2368, 2013 WL 4781778, at *3 (W.D. La. Sept. 5, 2013) (*Bosky* should be read as imposing a trigger for the second removal period that is *at least* as strict as that set forth in *Chapman*.").

Plaintiff's responses to Lowe's' discovery requests do not provide sufficient information "from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).  Plaintiff has not directed the Court to any portion of the discovery responses that make it "unequivocally clear and certain" that the amount in controversy requirement is satisfied or that Plaintiff was otherwise seeking an amount exceeding the jurisdictional requisite. *See Bosky*, 288 F.3d at 211.  Similarly, neither party has directed the Court to any of Plaintiff's deposition testimony demonstrating that Plaintiff made it "unequivocally clear and certain" that the amount in controversy requirement is satisfied or that Plaintiff was otherwise seeking an amount exceeding the jurisdictional requisite. *Id*.  This is not a case where the plaintiff affirmatively stated in an amended pleading or other paper that its damages exceeded the jurisdictional requirement, thus triggering the 30-day period for removal pursuant to § 1446(b)(3). *See Mumfrey*, 719 F.3d at 400 (timing rule triggered where Amended Petition sought $3,575,000 in damages).  "Other paper describing injuries and other damages that seem likely to exceed the amount in controversy requirement, but which do not show unequivocally that the requirement is met, are insufficient to trigger the removal clock." *Darensburg v. NGM Ins. Co.*, No. 14-1391, 2014 WL 4072128, at *2 (E.D. La. Aug. 13, 2014).

Defendant would be required to speculate or conduct its own additional investigation and research to determine whether the amount in controversy requirement was satisfied based upon Plaintiff's discovery responses, including Plaintiff's identification of various healthcare providers and surgeries, and the representation at her deposition that she was going to have lumbar surgery.  Removing defendants, however, are not held to a due diligence standard. *See Bosky*, 288 F.3d at 210; *see also Smith v. Wal-Mart Louisiana, LLC*, No. 13-2368, 2013 WL

4781778 (W.D. La. Sept. 5, 2013) (rejecting plaintiff's contention that recommendation for

cervical disc surgery triggered the second 30-day removal period).

In sum, the 30-day period for filing a notice of removal pursuant to 28 U.S.C. §

1446(b)(3) was not triggered by the initial pleading, Plaintiff's discovery responses, or Plaintiff's

deposition testimony that she was scheduled for lumbar fusion surgery.[4]  Accordingly, the

removal on June 8, 2016 was timely.

## IV.    Conclusion

Based on the foregoing, Defendant's removal of this action was timely pursuant to 28

U.S.C. § 1446(b)(3).  The court should retain subject-matter jurisdiction over this action.[5]

## RECOMMENDATION

**IT IS THE RECOMMENDATION** of the magistrate judge that the Plaintiff's Motion

to Remand (R. Doc. 5) be **DENIED**.

Signed in Baton Rouge, Louisiana, on October 11, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] A contrary holding would encourage premature removals in the future – a result the Fifth Circuit has sought to avoid. *See Bosky*, 288 F.3d at 211 n.17 (citing *Chapman*, 969 F.2d at 163).

[5] Although not specifically raised by the Motion to Remand, the court notes that jurisdiction exists pursuant to 28 U.S.C. § 1332.  There is no dispute that the parties are diverse.  Furthermore, in light of the pleadings, Plaintiff's injuries and treatment, and Plaintiff's scheduled lumbar fusion surgery, the amount in controversy requirement is satisfied. *See Adkisson v. Wal–Mart Stores Inc.,* No. 12-893, 2013 WL 4736850, at *1 (W.D. Tex. Sept. 3, 2013) (finding that the amount in controversy requirement was satisfied were the plaintiff would likely require a future lumbar fusion surgery, which defendants estimated between $67,000 to $124,000); *see also Cagle v. Harrah's Lake Charles, LLC,* 974 So.2d 34 (La. App. 2nd Cir. 2007) ($150,000 in general damages award for lumbar disc protrusion with radiculopathy where future surgery was likely); *Strother v. Continental Casualty Ins. Co.,* 944 So.2d 774 (La. App. 3rd Cir.2006) ($144,000 in general damages award for a lumbar disc protrusion and residual pain for over one year).